Spear, J.
The original action was one to determine, as between defendant in error, Abram Sharp, and plaintiff in error, James II. Anderson, which had the prior lien on certain lands, and the right to first payment from proceeds of sale. The court of common pleas found in favor of Anderson and decreed distribution accordingly. On error the district court found in favor of Sharp and reversed the de *264 cree of the common pleas. To obtain a reversal of this judgment and decree the present proceeding in error is prosecuted. The facts are sufficiently indicated in the syllabus.
The court of common pleas was clearly right in finding in favor of Anderson, and ordering that he should be paid in full, and that only the balance .should be paid to Sharp. Sharp stood, to all intents and purposes, in the place of Thompson. Upon familiar principles he could have no highet rights in any respect than Thompson had. He could not, by substituting himself as plaintiff, deprive Anderson of any right he had against Thompson at the time of the substitution, nor was the power of the court to render any decree which might have been rendered against Thompson and necessary for the full protection of Anderson thereby in the least abridged or impaired. The suit was one which under the pleadings not only authorized the court to order a foreclosure of the mortgage, but as well to find that Thompson was- indebted to Anderson upon the two notes; and, if necessary in order to give full relief to Anderson, to render a judgment in his favor and against Thompson for any balance that might remain due after application of purchase-money upon Anderson’s decree. Indeed, Thompson had not been dismissed from the case, and as regards the rights of Anderson, upon the allegations of his cross-petition, if it were necessary to keep him in court, Thompson was still a party. True, as plaintiff he had been succeeded by Sharp. This relieved him of further responsibility as to costs of prosecution, but did not send him out of court. The court, therefore, upon any aspect, having before it the proper parties, and having jurisdiction of the subject-matter, could by one judgment and order dispose of all the claims arising upon the pleadings and do full and exact justice to all the parties.
It is contended that, inasmuch as Sharp’s claim grew out of payment of the first note by Thompson, Sharp was entitled to a decree finding his lien prior to that of Anderson, and to order of distribution accordingly. Suppose *265 Sharp’s lien were found to be first, how would that help the him upon the record here presented ? It has already been found that for all purposes of the case Sharp was Thompson ; so that whatever might be accorded to Thompson might be accorded to Sharp, and whatever might be refused to Thompson might be refused to Sharp. If Sharp’s lien were found to be first an order to pay him in full from the proceeds would, pro tanto, reduce the amount going to Anderson. Then, Anderson being entitled to a finding and judgment against Thompson, why should Sharp have-money which the court having under its control had the power to award to Anderson in satisfaction of his claim against Thompson ? In other words, Sharp being Thompson, should the court, after making the order in favor of Sharp and finding the amount due Anderson from Thompson, and after rendering a judgment therefor in favor of Anderson and against Thompson, refuse to order the amount going to Sharp to be paid to Anderson, but pay it over to Sharp and remit Anderson to his collection by process of execution? Surely such a roundabout way would favor circuity of action rather than discourage it.
The effect of the judgment of the common pleas Avas to settle the entire litigation in one proceeding, and in so doing the court Avas, to use the language of this court in Morgan v Spangler, 20 Ohio St. 54, “ but carrying out the spirit and intention of the code of civil procedure, a leading object of which seems to be the avoidance of circuity and multiplicity of suits.”
Whether the position of Thompson upon paying off the judgment obtained upon the first note was that of a junior mortgagee as to the amount so paid, or whether he became subrogated to the rights of Anderson in such sort as to be in a position to claim a first lien on the mortgaged property, it is not proposed here to consider. The question is ably argued by the counsel in their respective briefs. But, inasmuch as the views of the members of the court are not in entire harmony upon the question, and inas *266 much as in tlie opinion of the writer a determination of it is not necessary to a proper disposal of the case, and believing that, under the ciroumstauces, it is sufficient to discuss and determine only the phases of the case which are indispensable to a disposition of it, the writer refrains from entering upon such discussion.

The judgment of the district court is reversed, and that of the common pleas affirmed.